TODD KIM, Assistant Attorney General
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief
RICKEY D. TURNER, JR., Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel | (303) 844-1373; Fax | (303) 844-1350

E-mail: rickey.turner@usdoj.gov

*Attorneys for the Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFRONIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and DEFEND THEM ALL FOUNDATION, *Plaintiffs,* v. NATIONAL MARINE FISHERIES SERVICE; and GINA RAIMONDO, Secretary of Commerce, *Defendants.* | Case No. 3:24-CV-03772-EMC **STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

Plaintiffs, Center for Biological Diversity and Defend Them All Foundation ("Plaintiffs"), and Federal Defendants the U.S. Secretary of Commerce, Gina Raimondo, and National Marine Fisheries Service (collectively, "the Service"), by and through their undersigned representatives, enter into the following Stipulated Settlement Agreement ("Agreement") for the purpose of resolving the above-captioned matter, and state as follows:

WHEREAS, Plaintiffs' complaint alleges a failure to make a 12-month finding on Plaintiffs' February 2022 petition to list the tope shark (*Galeorhinum galeus*) under the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, in response to Plaintiffs' Petition, the Service concluded that listing the tope shark under the ESA "may be warranted." 87 Fed. Reg. 25,209 (Apr. 28, 2022);

WHEREAS, the Service has not yet issued a 12-month finding on Plaintiffs' Petition. 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, the Parties believe that settlement in the manner described below is in the public interest and is an appropriate and efficient way to resolve the claims in the above-captioned case;

NOW THEREFORE, the Parties desire to compromise and settle Plaintiffs' case according to the terms set forth below, and thus agree to this Stipulated Settlement Agreement:

1. On or before August 1, 2025, the Service will submit to the Federal Register for publication a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B) on Plaintiffs' February 2022 petition to list the tope shark.

2. Plaintiffs agree that, upon approval of this Agreement by the Court, Plaintiffs' Complaint shall be dismissed with prejudice. To challenge any final determination issued pursuant to Paragraph 1, Plaintiffs will be required to file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

3. Future Modifications of this Agreement: The Order entering this Stipulated Settlement Agreement ("Order") may only be modified by the Court. The Order may be modified upon good cause shown by stipulated motion of all Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and as granted by the Court after appropriate briefing. In the event that either Plaintiffs or Defendants seek to modify the terms of this

Agreement, they will provide written notice of the proposed modification and the reasons for such modification to the other Party. The Parties will then meet and confer (virtually, telephonically, or in person) at the earliest possible time before any Party seeks this Court's approval for modification.

4. Dispute Resolution:

    A. If any party believes another party has failed to comply with any term of this Agreement, the party asserting noncompliance shall provide the other(s) with written notice and the basis for the alleged noncompliance. The Parties shall meet and confer (virtually, telephonically, or in person) to attempt to resolve the dispute within 14 calendar days of the written notice or such time thereafter as is mutually agreed upon.

    B. After the initial meet and confer, the Parties will have 30 days, or such time thereafter as is mutually agreed upon, to resolve the dispute. If the Parties are unable to resolve the dispute within that time, then Plaintiffs may first file a motion to enforce the Order.

    C. If Defendants fail to meet any of their obligations under paragraphs 1 through 4 of this Agreement, Plaintiffs' first remedy shall be by motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. Attorneys' Fees and Costs:

    A. Defendants shall pay Plaintiffs a total of $8,915.00 for attorneys' fees, costs, and other litigation expenses for this lawsuit.

    B. Defendants shall make the payment by electronic funds transfer.

    C.  Plaintiffs agree to provide Defendants with the account information necessary to effectuate the payment. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within 10 business days of the Court's approval of this Agreement or the receipt of the information described in this paragraph, whichever is later.

    D.  Plaintiffs agree to accept Defendants' payment of $8,915.00 in full satisfaction of all claims for attorneys' fees and costs of litigation incurred in this matter to date. Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorney's fees and costs in this matter to date.

    E.  Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any. *See*, *Astrue v. Ratliff*, 560 U.S. 586 (2010).

6. **Representative Authority**: The undersigned representatives of Plaintiffs and Defendants certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Agreement and to legally bind those parties to it.

7. **Compliance with Other Laws**: Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, the ESA, the Administrative Procedure Act ("APA"), or any other applicable law or regulation, either substantive or procedural. Nothing in this Agreement is intended to, or shall be construed to, waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the APA; to otherwise extend or grant the Court jurisdiction to hear any

matter, except as expressly provided in the Agreement; or to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

8. Mutual Drafting and Other Provisions:

    A. It is hereby expressly understood and agreed that this Agreement was jointly drafted by Plaintiffs and Defendants. Accordingly, the Parties hereby agree that any rule of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Agreement.

    B. This Agreement contains all of the agreements between Plaintiffs and Defendants and is intended to be and is the final and sole agreement between Plaintiffs and Defendants concerning the complete and final resolution of Plaintiffs' complaint. Plaintiffs and Defendants agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Agreement must be in writing, and approved by this Court.

    C. This Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiffs or Defendants to any fact, claim, defense, or issue of law. No part of this Agreement shall have precedential value in any pending or future litigation, representations before any court, administrative action, forum, or any public setting. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims or defenses it may have.

9. Continued Jurisdiction: Notwithstanding the dismissal of this action, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement, including any disputes regarding fees and costs as described in paragraph 5 above, and to resolve any motions to modify the terms of this Agreement, subject to the dispute resolution procedures specified in paragraph 4 above. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

DATED: December 4, 2024

Respectfully submitted,

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Chief
NICOLE M. SMITH, Assistant Chief
Environment and Natural Resources Division

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel | (303) 844-1373; Fax | (303) 844-1350
E-mail: rickey.turner@usdoj.gov

*Attorneys for the Defendants*

*/s/ David Derrick*
David Derrick (CA Bar No. 316745)
Catherine Kilduff (CA Bar No. 256331)
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7108
Facsimile: (510) 844-7150
dderrick@biologicaldiversity.org

Stipulated Settlement Agreement         6
Case No. 3:23-cv-06642-AMO

ckilduff@biologicaldiversity.org

Lindsey Zehel (admitted pro hac vice)
DEFEND THEM ALL FOUNDATION
25 NW 23rd Place, Suite 6-310
Portland, OR 97210
Phone: (567) 203-7220
Email: lzehel@defendthemall.org

*Attorneys for Plaintiffs*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: _____, 2024     Signed By: _____
                                          HON. EDWARD M. CHEN
                                          United States District Court Judge

**ECF ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I, Rickey D. Turner, Jr., attest that I have obtained concurrence in the filing of this document from all other signatories listed here.

/s/ Rickey D. Turner, Jr.
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California using the CM/ECF system.

*/s/ Rickey D. Turner, Jr.*
*Attorney for Defendants*